IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL JOHNSON AND IRENE JOHNSON, § § § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. 4:19-CV-03147 | |
| § | | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY § § | (JURY) | |
| § | | |
| Defendant. § | | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Mutual Fire Insurance Company ("Defendant"), timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the County Court at Law No. 1, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof shows as follows:

**A.     Introduction**

1.     Plaintiffs Michael Johnson and Irene Johnson ("Plaintiffs") commenced this lawsuit against Defendant in the County Court at Law No.1, Harris County, Texas, by filing their Original Petition on or about July 24, 2019.  A true and correct copy of the Original Petition is attached hereto as Exhibit "A."  Plaintiffs served the Original Petition on Defendant Liberty Mutual Fire Insurance Company on July 30, 2019.  See proof of date of service attached as Exhibit "A".  A true and correct copy of Defendant's Answer to Plaintiffs' Original Petition,

Defendant's Special Exceptions to Plaintiffs' Original Petition, and Defendant's Jury Demand filed on August 15, 2019 is attached hereto as Exhibit "B."

2. Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiffs' Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiffs seek to recover damages in this lawsuit based on allegations of breach of contract and violations of the Texas Insurance Code resulting from the alleged conduct of Defendant. Plaintiffs' claims arise under a homeowner's policy of insurance issued by Defendant on real and personal property owned by Plaintiffs, located in Harris County, Texas, which is alleged to have been damaged by Hurricane Harvey on or about August 27, 2017.

**B.     Jurisdiction & Removal**

4. In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5. Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiffs are citizens of the State of Texas. Liberty Mutual Fire Insurance Company is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in Wausau, Wisconsin.

6. In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here, although Plaintiffs state in paragraph 35 of their Original Petition they are suing for monetary relief of less than $100,000, they fail to include a stipulation or affidavit to that effect. The face of the Plaintiffs' pleading will not control if made

in bad faith.  The inquiry does not end merely because the Plaintiffs allege damages below the threshold.  Plaintiffs can only end that inquiry by showing, *with legal certainty*, that their recovery will not exceed that amount.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  To meet this obligation, Plaintiffs must file a binding stipulation or affidavit regarding those damages with their complaint.  *Id.   See also Abascal v. United Prop. & Cas. Ins. Co.,* No. 4:18-CV-03930, 2019 WL 3229174 at *2 (S.D. Tex. Jul. 18, 2019)*; Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905 at *4 (S.D. Tex. Jun. 16, 2010); *Troiani v. Allstate Ins. Co.*, No. B-06-00067, 2006 WL 1851378 at *1 (S.D. Tex. Jul. 3, 2006).  Here, Plaintiffs have not filed the necessary stipulation or affidavit and therefore the paragraph in the Petition claiming that Plaintiffs will not seek or accept damages in excess of $75,000.00 is of no merit or significance.  *See also Abascal v. United Prop. & Cas. Ins. Co.,* No. 4:18-CV-03930, 2019 WL 3229174 at *2 (S.D. Tex. Jul. 18, 2019).

7. Texas law simply does not permit a Plaintiff to plead that he or she seeks damages not to exceed $75,000 to avoid removal.  Thus, a specific demand contained in Plaintiffs' Original Petition cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as <u>bad faith</u>."  *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").

8. If a Defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the Plaintiffs must be able to show that, as a matter of law, it is certain that

3

they will not be able to recover more than the damages for which they have prayed in the state court complaint. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995).

9. To support the allegation that the amount in controversy exceeds $75,000.00, the Defendant may rely on an estimation of damages calculated from the allegations in the complaint. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). The Defendant may also rely on the notice of removal, affidavits, stipulations, interrogatories, or other evidence. *De Aguilar,* 11 F.3d at 58. If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* Here, the combination of Plaintiffs' allegations and Defendant's evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

10. In their Petition, Plaintiffs are seeking recovery for their economic damages however do not specify this amount. Attached is a copy of Plaintiffs' December 3, 2018 DTPA Notice and Demand which states that Plaintiffs' economic damages based on an estimate prepared by Plaintiff's Public Adjuster is $35,920.39. See copy of Plaintiffs' December 3, 2018 DTPA Notice and Demand attached as Exhibit "C." In addition, Plaintiffs' Petition and/or DTPA Demand letter states that they are also seeking:

(a) Attorney's fees to litigate the case through trial and any appeal. (See paragraph 32 in Petition);

(b) Additional damages due to Plaintiffs' inability to repair their property as a result of Defendant allegedly failing to make full payment to Plaintiffs. (See paragraph 27 of the Petition);

4

  (c)  Mental anguish.  (See Plaintiffs' December 3, 2018 DTPA Notice and Demand);

  (d)  Statutory penalty in the amount of the claim at 18% per year pursuant to § 542.060 of the Texas Insurance Code.  (See Plaintiffs' Petition at paragraph 31 and Plaintiffs' December 3, 2018 DTPA Notice and Demand); and

  (e)  Exemplary/treble damages.  (See Plaintiffs' December 3, 2018 DTPA Notice and Demand).

  11. Plaintiffs specifically plead for recovery of attorney's fees through trial and any appeal.  Plaintiffs' counsel's fee is $500.00 an hour.  (See Plaintiffs' December 3, 2018 DTPA Notice and Demand).  In order to litigate this case through trial, it will be required to depose both Plaintiffs, Plaintiffs' Public Adjuster, Defendants' two experts that have inspected the property, at least one of the Defendant's claim representatives that handled the claim and Defendant's field inspector that initially inspected Plaintiffs' property.  In addition to preparing for and taking the aforesaid minimum amount of depositions, the parties will engage in written discovery, attend court conferences, prepare for and attend mediation, engage in motion practice, prepare for trial and conduct a four-day trial.  At $500.00 an hour, Plaintiffs' counsel will almost certainly have to spend at least 200 hours to perform the necessary aforesaid discovery, pre-trial and trial activities which amounts to $100,000.00 in attorney's fees.  Even at 100 hours, which surely will not be enough hours for Plaintiffs' counsel to conduct the aforesaid activities, Plaintiffs' attorney's fees will amount to $50,000.00.

  12. As noted above, Plaintiffs have plead in the Petition that Defendant's failure to pay the claim has resulted in Plaintiffs' inability to repair their property resulting in additional damages to Plaintiffs.  The amount of these additional damages is not plead in the Petition.

13. Although Plaintiffs have not specifically plead recovery for mental anguish damages in their Petition, there is nothing preventing them from amending their Petition at a later date to seek recovery of mental anguish damages. As noted above, Plaintiffs have already demanded recovery from Defendant for their mental anguish damages. See Plaintiffs' December 3, 2018 DTPA Notice and Demand attached as Exhibit "C."

14. Plaintiffs have not specifically plead recovery for mental anguish damages in their Petition, there is nothing preventing them from amending their Petition at a later date to seek recovery of mental anguish damages. As noted above, Plaintiffs have already demanded recovery from Defendant for their mental anguish damages. See Plaintiffs' December 3, 2018 DTPA Notice and Demand attached as Exhibit "C."

15. Plaintiffs also plead for recovery of statutory penalty pursuant to § 542.060 of the Texas Insurance Code for late payment calculated at 18% per year. This is separate and apart from simple pre and post judgment interest. Two years of 18% interest of the actual damages of $35,920.39 amounts to approximately $13,000.00.

16. Lastly, although Plaintiffs have not specifically plead recovery for exemplary/treble damages in their Petition, there is nothing preventing them from amending their Petition at a later date to seek recovery for exemplary/treble damages. In fact, Plaintiffs have already demanded recovery exemplary/treble damages from Defendant if and once this lawsuit is filed. See Plaintiffs' December 3, 2018 DTPA Notice and Demand, page 2, attached as Exhibit "C." Furthermore, Plaintiffs did allege in the Petition that Defendant violated its duty of good faith and fair dealing thereby entitling Plaintiffs' to treble damages. Plaintiffs also plead that Defendant knowingly and recklessly made false representations and if proven correct this would also entitle Plaintiffs to

recovery exemplary/treble damages. See Plaintiffs' Petition, paragraphs 26-27, attached as Exhibit "A".

17. It is clear the types of damage Plaintiffs are seeking, when considered jointly, put them well above the jurisdictional minimum. Taking all of the allegations together, Defendant has more than ample reason to believe the potential damages that Plaintiffs could be awarded in this matter would be in excess of the minimum required for diversity jurisdiction. Taken together, the amount in controversy far exceeds $75,000.00.

| **Claim for Damages** | **Plaintiff's Alleged Damages** |
|---|---|
| Actual economic damages | $35,920.39 |
| Attorney's Fees | At a minimum $50,000.00 |
| Additional Damages | Unknown |
| Statutory Damages | At a minimum $13,000.00 |
| exemplary/treble damages | $107,000.00 |
| **Total To Date:** | **At a minimum of $206,000.00** |

18. For these reasons, Defendant believes it is reasonably clear that the amount in controversy far exceeds the sum of $75,000.00. Defendant has also made such showing by a preponderance of the evidence as required by applicable federal law.

19. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

20. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the County Court at Law No. 1 of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

21. Attached hereto are all documents required by 28 U.S.C. § 1446(a).

22. Defendant demanded a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure.

23. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Defendant Liberty Mutual Fire Insurance Company hereby removes the above-captioned matter, now pending in the County Court at Law No. 1 of Harris County, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

/s/ *J. Mark Kressenberg*

J. Mark Kressenberg
Fed. Adm. No. 7793
Texas State Bar No. 11725900
jkressenberg@sheehyware.com
Edward C. Kiss
Southern District of Texas Bar No. 1099641
Texas State Bar No. 24064284
ekiss@sheehyware.com
909 Fannin Street
Two Houston Center
Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR THE DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Federal Rules of Civil Procedure on this the 22nd day of August, 2019, to the following counsel of record:

 Matthew Zarghouni
 Zar Law Firm
 3900 Essex Lane
 Ste 1011
 Houston, Texas 77027
 281-888-3150 – facsimile
 matt@zar-law.com

              /s/ *J. Mark Kressenberg*
              J. Mark Kressenberg

3549508