

**null / ALL**
**Transmittal Number: 20166611**
**Date Processed: 07/31/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Fire Insurance Company<br>Entity ID Number  2542855 |
| **Entity Served:** | Liberty Mutual Fire Insurance Company |
| **Title of Action:** | Michael Johnson vs. Liberty Mutual Fire Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County Court at Law, TX |
| **Case/Reference No:** | 1138043 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/30/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Matthew Zarghouni<br>346-980-6600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT
A



DELIVERED
BY: 7 / 30 / 19
ATX Process, LLC GTPSC: 7/19

# OFFICE OF DIANE TRAUTMAN
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1138043**
Receipt Number:     Date:    Sheriff/Constable Fee: $

MICHAEL JOHNSON, ET AL
**Plaintiff**
VS.                                          In The County Civil Court at Law No. 1
LIBERTY MUTUAL FIRE INSURANCE COMPANY        201 Caroline, No. 500
**Defendant**                                Houston, TX 77002

## THE STATE OF TEXAS
### ORIGINAL  PETITION ADMISSIONS, DISCLOSURE, PRODUCTION, INTERROGATORIES CITATION

To:   LIBERTY MUTUAL FIRE INSURANCE COMPANY
      C/O: CORPORATION SERVICE COMPANY
      211 EAST 7TH STREET SUITE 620
      AUSTIN, TX 78701-3218

Attached is a copy of petition.
This instrument was filed on the **24th day of July, 2019,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 25th day of July, 2019

(Seal)                            Diane Trautman, County Clerk
                                  County Civil Court at Law No. 1
                                  201 Caroline, Suite 300
                                  Harris County, Texas

                                  Jesse Salas
                                  Deputy County Clerk

Requested    MATTHEW ZARGHOUNI
By:          ZAR LAW FIRM
             3900 ESSEX LANE STE 1011
             HOUSTON TX  77027

1138043

7/24/2019 5:15 PM
Diane Trautman
County Clerk
Harris County

**Harris County - County Civil Court at Law No. 1**

Jury Fee Paid

## CAUSE NO. _____

| | | |
|---|---|---|
| **MICHAEL JOHNSON AND IRENE JOHNSON** | § § § | **IN THE COUNTY COURT** |
| *PLAINTIFFS,* | § § § | |
| **VS.** | § § § | **HARRIS COUNTY, TEXAS** |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY** | § § § | |
| *DEFENDANT.* | § § § | _____ **COUNTY COURT AT LAW** |

---

### PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, DISCOVERY REQUESTS, AND STIPULATED DAMAGES

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Michael Johnson and Irene Johnson ("Plaintiffs"), and file this **Plaintiffs' Original Petition** complaining of Liberty Mutual Fire Insurance Company ("Defendant"), and for cause of action, Plaintiffs would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2.      Plaintiffs, Michael Johnson and Irene Johnson, reside in Harris County, Texas at 506 Remington Lodge Ct., Houston, Texas 77073.

3.      Defendant, Liberty Mutual Insurance Company, is an insurance company doing business in Texas and may be served through its officers or its attorney for service at Corporation Service Company with address at 211 East 7th Street Suite 620, Austin TX 78701 -3218. Plaintiffs request service at this time.

## C. JURISDICTION

4.     The Court has jurisdiction over Liberty Mutual Fire Insurance Company because Liberty Mutual Fire Insurance Company engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## D. VENUE

5.     Venue is proper in HARRIS COUNTY, Texas, because the insured property is situated in HARRIS COUNTY, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E. CONDITIONS PRECEDENT AND NOTICE

6.     All conditions precedent to recovery have been performed, waived, or have occurred.

7.     Defendant has received a pre-suit notice complying with the Texas Insurance Code § Section 542A.003.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

8.     Whenever in this petition it is alleged that Liberty Mutual Fire Insurance Company did any act or omission, it is meant that Liberty Mutual Fire Insurance Company itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Liberty Mutual Fire Insurance Company or done in the normal routine, course, and scope of the agency or employment of Liberty Mutual Fire Insurance Company or its agents, officers, servants, employees, or representatives.

## G. FACTS

9.     Plaintiffs are named insureds under a property insurance policy— H3229820116340 (the "Policy")—issued by Liberty Mutual Insurance Company. The Policy insures, among other things, against losses from storm damage to Plaintiffs' property, namely, the real property and improvements located at 506 Remington Lodge Ct., Houston, Texas 77073 (the "Property").

10.     On or about 08/27/2017, during the policy period, Hurricane Harvey caused damage to the Property that was covered under the Policy. The storm caused extensive damage to the Property, including but not limited to, damage to the roof and fence of their home.

11.     Plaintiffs noticed damage to the Property and contacted Liberty Mutual Fire Insurance Company to notify Liberty Mutual Fire Insurance Company of the damage.

12.     Plaintiffs submitted a claim, 036092127-01, to Liberty Mutual Fire Insurance Company against the Policy for all roof damage, water damage, and wind damage the Property sustained because of the storm. Plaintiffs reported missing shingles and fans blown away and roof damage and leaks.

13.     Plaintiffs asked that Liberty Mutual Fire Insurance Company honor its contractual obligations to cover the cost of repairs to the Property.

14.     Liberty Mutual Fire Insurance Company assigned Steve Massey (the "Field Adjuster") to adjust the claim. Liberty Mutual Fire Insurance Company and the Field Adjuster conducted a substandard investigation of Plaintiffs' claim, failed to thoroughly investigate Plaintiffs' losses, and spent an inadequate amount of time on the investigation. The Field Adjuster failed to fully inspect all damage to the Property.

15.     Despite obvious, visible storm damage, the Field Adjuster, on his behalf and on behalf of Liberty Mutual Insurance Company, verbally misrepresented to Plaintiffs at the time of the inspection and thereafter that the Property had no storm-related damage and refused to acknowledge the missing, torn, and loose shingle tabs existed all over the roof. The Field Adjuster repeated this misrepresentation, again on his own behalf and on behalf of Liberty Mutual Insurance Company, in a letter to Plaintiffs dated 09/05/2017.

16.     Together, therefore, Liberty Mutual Fire Insurance Company and the Field Adjuster set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the

Property.

17.     Defendant Liberty Mutual Fire Insurance Company failed to perform its contractual obligation to adequately compensate Plaintiffs under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiffs. Liberty Mutual Insurance Company's conduct constitutes a breach of the insurance contract between Liberty Mutual Fire Insurance Company and Plaintiffs.

18.     Even though the Property sustained obvious damage caused by a covered occurrence, Defendant misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy.

19.     Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.

20.     Defendant refused to adequately compensate Plaintiffs under the terms of the Policy and failed to conduct a reasonable investigation of the claim.

21.     Defendant failed to offer Plaintiffs a reasonable explanation for why Plaintiffs' claim was denied.

22.     Defendant, Liberty Mutual Insurance Company, failed to timely acknowledge Plaintiffs' claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of the claim.

23.     Defendant, Liberty Mutual Insurance Company, failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all the necessary information.

24.     Defendant, Liberty Mutual Insurance Company, delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for Plaintiffs' claim.

25.     Since the time Plaintiffs' claim was presented to Defendant Liberty Mutual Insurance Company, the liability of Liberty Mutual Fire Insurance Company to pay the full claim in accordance

with the terms of the Policy has been reasonably clear. Nevertheless, Liberty Mutual Fire Insurance Company has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of Liberty Mutual Insurance Company's duty of good faith and fair dealing.

26.     Defendant knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendant knowingly concealed all or part of material information from Plaintiffs.

27.     Plaintiffs have suffered damages because of Defendant's actions described above. The mishandling of Plaintiffs' claims also caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

### H.  CAUSES OF ACTION

28.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Breach of Contract

29.     Defendant had a contract of insurance with Plaintiffs. Defendant breached the terms of that contract by wrongfully denying and/or underpaying the claims and Plaintiffs were damaged thereby.

### II.    Prompt Payment of Claims Statute

30.     The failure of Defendant to pay for Plaintiffs losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of § 542.051 et seq. of the Texas Insurance Code.

31.     Plaintiffs, therefore, in addition to Plaintiffs' claims for damages, are entitled to interest and attorneys' fees as set forth in § 542.060 of the Texas Insurance Code.

### III.   Attorney's Fees

32.     Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant

and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

33.     Plaintiffs are entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

34.     Plaintiffs further pray that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## I. STATEMENT OF RELIEF AND STIPULATED DAMAGES

35.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs are seeking monetary relief of less than $100,000. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks prejudgment and post- judgment interest at the highest legal rate.

## J. STIPULATED DAMAGES

36.     Plaintiff, Michael Johnson and Irene Johnson, through its undersigned counsel, stipulates to the following amount of damages and submits this stipulation to the Court for approval.

37.     Plaintiff hereby stipulates that Plaintiff will not accept a judgment that exceeds the sum or value of $75,000, exclusive of interest and costs, nor will Plaintiff amend this petition before or after the one-year removal deadline to seek in excess of $75,000, exclusive of interest and costs, as those terms are used in 28 U.S.C. § 1332(a).

## K. RESERVATION OF RIGHTS

38.     Plaintiffs reserves the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition to add additional counts upon further discovery and as investigation continues.

## L. JURY DEMAND

39.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in HARRIS COUNTY, Texas. Plaintiffs hereby tenders the appropriate jury fee.

## M.  DISCOVERY REQUESTS

40.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

41.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days, in accordance with the instructions stated therein.

## N. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Michael Johnson and Irene Johnson, pray that, upon final hearing of the case, they recover all damages from and against Defendant, Liberty Mutual Insurance Company, that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
3900 Essex Lane, Ste 1011
Houston, Texas 77027
Office: (346) 980-6600
Fax: (281) 888-3150
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant as an attachment to the Original Petition. Therefore, Defendant would have received it when it was served with the citation.

*/s/Matthew M. Zarghouni*
Matthew Zarghouni

## **INSTRUCTIONS**

A.    These discovery requests call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above to Zar Law Firm.

C.    If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

    1.  Identify the document's title and general subject matter;
    2.  State its date;
    3.  Identify all persons who participated in its preparation;
    4.  Identify the persons for whom it was prepared or to whom it was sent;
    5.  State the nature of the privilege claimed; and
    6.  State in detail each and every fact upon which you base your claim for privilege.

D.    If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion. **Interrogatories must be answered under oath and supported by an affidavit.**

F.    You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    1.  You know the response made was incorrect or incomplete when made; or
    2.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A.   **"Defendant,"** **"Liberty Mutual Insurance Company,"** **"You,"** **"Your(s),"** refers to Liberty Mutual Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B.   **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.   **"The Property(ies)"** refers to the property or properties located at the address covered by the Policy.

D.   **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.   **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.   **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.   **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.   **"Lawsuit"** refers to the above styled and captioned case.

I.   **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.   The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.  The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.  The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.  The terms **"identification,"** **"identify,"** and **"identity"** when used in reference to:

1. **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2. **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3. **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4. **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5. **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.  The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates,

reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.   The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## <u>NOTICE OF AUTHENTICATION</u>

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT
## LIBERTY MUTUAL INSURANCE COMPANY

**INTERROGATORY NO. 1:**

Identify all persons answering or supplying any information in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify all persons who were involved in evaluating Plaintiffs' claim and provide the following information for each person you identify:

        a.    their name and job title(s) as of the Date of Loss;

        b.    their employer; and

        c.    description of their involvement with Plaintiffs' Claim.

**ANSWER:**

**INTERROGATORY NO. 3:**

If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

        a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and

        b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

**ANSWER:**

**INTERROGATORY NO. 4:**

State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

**ANSWER:**

**INTERROGATORY NO. 5:**

If you contend that Plaintiffs did not provide you with requested information that was required to properly evaluate Plaintiffs' Claim, identify the information that was requested and not provided, and the dates you made those request(s).

**ANSWER:**

**INTERROGATORY NO. 6:**
If you contend that Plaintiffs' acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**


**INTERROGATORY NO. 7:**
If you contend that Plaintiffs failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**


**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**ANSWER:**


**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**


**INTERROGATORY NO. 10:**
If you contend that Plaintiffs failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**ANSWER:**


**INTERROGATORY NO. 11:**
If you contend that Plaintiffs failed to mitigate damages, describe how Plaintiffs failed to do so, and identify any resulting prejudice.

**ANSWER:**


**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

**ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT
## LIBERTY MUTUAL INSURANCE COMPANY

### REQUEST FOR PRODUCTION NO. 1

Produce a certified copy of all Policies you issued to Plaintiffs for the Property that were in effect on the Date of Loss.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2

Produce your complete Underwriting File for Plaintiffs policy of insurance with you.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3

Produce the complete Claim File including all documents, notes, comments, and communications regarding the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4

Produce all documents Plaintiffs (or any other person) provided to you related to the Claim or the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5

Produce all documents you provided to Plaintiffs (or any other person) related to the Claim or the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6

Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiffs' Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiffs' Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9**
Produce all written and/or electronic communications you sent to, or received, from Plaintiffs and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiffs' Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail hurricane claims, for persons handling claims on your behalf.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 12**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all estimates, drafts of those estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14**
Produce all documents you identified, referred to, or relied upon in answering Plaintiffs' interrogatories.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15**
To the extent that you claim a privilege over any documents, please provide a privilege log in accordance with the Texas Rules of Civil Procedure.

**RESPONSE:**

## REQUEST FOR ADMISSIONS TO DEFENDANT
## LIBERTY MUTUAL INSURANCE COMPANY

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windhurricane.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailhurricane.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is an actual cash value policy.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 6:**
Admit that aside from the Claim at issue, Plaintiffs have never previously submitted a claim to you for damage to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that you did not request a Sworn Proof of Loss from Plaintiffs in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that Plaintiffs timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that your decision to deny or partially deny Plaintiffs' Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that Defendant's decision to deny or partially deny Plaintiffs' Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiffs' Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**